IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL OLIVO and NANCY OLIVO | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-15-199 |
| | § | |
| CALIBER HOME LOANS, INC. | § | |

## **REPORT AND RECOMMENDATION**

Before the Court by referral is the Motion for Summary Judgment of Defendant, Caliber Home Loans, Inc. (Caliber); the Motion seeks the dismissal of all claims asserted against Caliber by Plaintiffs, Michael and Nancy Olivo.

On July 6, 2015, Plaintiffs, acting through counsel, filed this lawsuit in the 405th District Court of Galveston County, Texas, seeking, *inter alia*, to enjoin the foreclosure of their property. In support they alleged that Caliber had violated the Real Estate Settlement Protection Act (RESPA) by "dual-tracking": pursuing foreclosure while also offering them possible loss mitigation options. They also sought declaratory relief that Caliber had no authority to foreclose, for various reasons, and a permanent injunction.

On July 30, 2015, Caliber removed the case to this Court. On February 1, 2016, Caliber filed its Motion for Summary Judgment. On February 24, 2016, Plaintiffs' counsel moved to withdraw for non-payment of fees. That Motion was granted by District Judge George C. Hanks, Jr., on April 6, 2016. Judge Hanks also set April 13, 2016, as

the deadline for Plaintiffs, now acting *pro se*, to respond to Caliber's Motion, but no response was ever filed. On June 6, 2016, the case was referred to this Court.

Despite the complete absence of a response, a Court may not grant a motion for summary judgment by default; however, the Court may accept the movant's evidence as undisputed. Eversley v. MBank of Dallas, 843 F.2d 172, 174 (5th Cir. 1988). The Court must then determine whether that undisputed evidence makes a *prima facie* showing of movant's entitlement to summary judgment and, if it does, the Court may grant the motion. C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988) (where non-movant failed to submit affidavits, discovery items or even briefing on dispositive matters, no genuine issue of material fact existed.). Having now considered Caliber's Motion pursuant to this approach, the Court issues its Report and Recommendation.

The now "undisputed" evidence may be briefly summarized. Plaintiffs owned homestead property in Friendswood, Texas. On June 28, 2007, they took out a home equity loan and executed a Deed of Trust in favor of Beneficial Texas, Inc. On January 9, 2014, the loan was sold to LSF8 Master Participation Trust and Caliber became the servicer. Plaintiffs defaulted on the loan and Caliber sent them a proper Notice of Default and Intent to Accelerate dated April 14, 2014. The Plaintiffs did not submit a loss mitigation application to Caliber pursuant to RESPA, but some negotiations occurred and Caliber offered Plaintiffs a Trial Period Plan which they accepted on July 28, 2014. The Plan provided that Plaintiffs would receive a loan modification if they made three monthly

trial payments, otherwise foreclosure proceedings would resume.  The Plaintiffs failed to make any payments at all.  For reasons untold, Caliber offered Plaintiffs two additional Trial Plans, but the Plaintiffs never accepted either one.  Consequently, Caliber applied for a Default Order from the 212th District Court of Galveston County, Texas, authorizing a foreclosure sale of the property.  The Order was granted on May 11, 2015, and the foreclosure sale was later set for July 7, 2015.  This lawsuit was then filed on July 6, 2015, and it has been pending ever since.

    Caliber argues that Plaintiffs' RESPA claims fail for a few very basic reasons.  First, Plaintiffs never submitted a complete loss mitigation application, a regulatory pre-requisite to bar foreclosure proceedings by a servicer, and, in its absence, Caliber was not legally required to forego foreclosure proceedings.  12 C.F.R. 1024.41(g).  As a result, Caliber did not engage in dual-tracking.  Second, despite Caliber's abandonment of the July 7, 2015, foreclosure sale in favor of the initial Trial Period Plan accepted by the Plaintiffs, the Plaintiffs defaulted on that Plan as well, thereby clearing the way for Caliber to resume foreclosure proceedings.  12 C.F.R. 1024.41(g)(3).  Third, Caliber's two subsequent proposed Trial Period Plans were rejected by Plaintiffs which also removed any potential impediment to pursuing foreclosure.  12 C.F.R. 1024.41(g)(2).  Caliber, in fact, was overly generous in its efforts to help the Plaintiffs try to keep their home since RESPA only requires a servicer to complete a single loss mitigation procedure for a borrower.  12

C.F.R. 1024.41(i).  The Plaintiffs' claims simply have no foundational merit and they should now, after nearly a year, be dismissed.

With the demise of the Plaintiffs' RESPA claims, any basis for declaratory relief evaporates: the declaratory judgment act does not create an independent cause of action, it only warrants relief if the Plaintiffs can succeed on their alleged underlying substantive claims.  Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, 99 F.3d 746, 752 n.3 (5th Cir. 1996).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motion for Summary Judgment (Instrument no. 11) of Defendant, Caliber Home Loans, Inc., be **GRANTED**, and that all claims asserted against Caliber by Plaintiffs, Michael and Nancy Olivo, be **DISMISSED with prejudice**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **June 24, 2016**, to file written objections.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____8th____ day of June, 2016.

John R. Froeschner
United States Magistrate Judge